1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10   DAMIEN DWAYNE OLIVE,                    Case No. 1:15-cv-01645 DLB

11           Plaintiff,                      ORDER DISMISSING COMPLAINT
                                             WITH LEAVE TO AMEND
12       v.
                                             THIRTY-DAY DEADLINE
13   NARAYAN,

14           Defendant.
     _____/

15

16       Plaintiff Damien Dwayne Olive ("Plaintiff"), a state inmate in the custody of the California

17   Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this

18   civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 30, 2015.

19   He names Pratap Lakshmi Narayan, M.D., as the sole Defendant.[1]

20   **A.    SCREENING STANDARD**

21       The Court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27

28   _____
     [1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 12, 2015.

1    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

3         A complaint must contain "a short and plain statement of the claim showing that the

4    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6    conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

7    Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

8    matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550

9    U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

10        Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

11   other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d

12   1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

13   Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions

14   or omissions of each named defendant to a violation of his rights; there is no respondeat superior

15   liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609

16   F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.

17   2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a

18   plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,

19   969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility

20   standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

21   **B.      ALLEGATIONS IN COMPLAINT[2]**

22        Plaintiff is currently incarcerated at Kern Valley State Prison.

23        Plaintiff states that he has had an "unequivocal diagnosis of bipolar I disorder" since 1996,

24   with a history of suicide attempts.  ECF No. 1, at 4.  However, Defendant adamantly refused to

25   treat his condition "sufficiently and satisfactorily."  ECF No. 1, at 4.

26

27

28   [2] Plaintiff admits that he did not exhaust his claims, believing it to be futile.  Failure to exhaust, however, is an
     affirmative defense.  Albino v. Baca, 747 F.3d 1162 (9th Cir. 2013).

1    Plaintiff had an appointment with Defendant on October 13, 2015, for treatment of bipolar

2   disorder and medication management.  During the appointment, Plaintiff advised Defendant that

3   he had recently been experiencing numerous psychiatric symptoms, including depression, recent

4   suicide attempts, frequent suicidal ideation, loss of appetite, feelings of despondency, insomnia

5   and extreme happiness at cycling intervals.  He also complained that he had recently been hearing

6   voices.

7    Defendant told Plaintiff that because he had insight into his illness, he would benefit from

8   a mood-stabilizer and perhaps an anti-psychotic medication.  He "blatantly refused" to prescribe

9   any psychotropic medications, telling Plaintiff that his primary care doctor had prescribed

10   medications that would "resolve and diminish" his psychiatric symptoms.  ECF No. 1, at 6.

11    Plaintiff told Defendant that he had been getting worse, and that when he is unmedicated,

12   he is more likely to be placed into a mental health crisis bed.  Defendant stated that he would be

13   willing to put Plaintiff back on lithium carbonate, even though Defendant is aware that lithium

14   caused Plaintiff problems in the past.  He also stated that he would prescribe an anti-depressant.

15   Plaintiff told him that in the past, anti-depressants had escalated his depressive symptoms.

16    Defendant discontinued a prescription for Plaintiff's only remaining psychotropic

17   medication abruptly and without explanation.  Dr. Gill, the Chief Psychiatrist at KVSP, had

18   written a prescription for Prazocin in July 2015, for excessive and intense nightmares.  Defendant

19   disagreed with this prescription because he believed that the medication was not effective in

20   preventing nightmares.  During a prior visit with Defendant, Plaintiff told him that the Prazocin

21   was working.

22    Defendant then falsely claimed that he did not know why Plaintiff was taking Prazocin.

23   Plaintiff alleges that Defendant's failure to prescribe any psychotropic medications was a failure to

24   reasonably respond to his mental illness.  He states that he is currently unmedicated and is

25   depressed and hopeless on a daily basis.  Plaintiff also states that he has vivid thoughts of suicide,

26   and has acted on those thoughts in the past few days.

27    Based on these allegations, Plaintiff alleges a violation of the Eighth Amendment.

28   ///

3

1   **C.      DISCUSSION**

2          While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical

3   care, the Eighth Amendment is violated only when a prison official acts with deliberate

4   indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir.

5   2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir.

6   2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091,

7   1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that

8   failure to treat [his] condition could result in further significant injury or the unnecessary and

9   wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

10  indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

11         Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a

12  prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680

13  F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective

14  recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation

15  and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

16         Plaintiff's claim is based on his belief that Defendant should have provided different

17  medications.  Specifically, Plaintiff appears to have wanted a psychotropic medication, which had

18  been prescribed in the past.  Plaintiff's disagreement is nothing more than a disagreement with

19  treatment, which is insufficient to state a claim under the Eighth Amendment.

20         "A difference of opinion between a physician and the prisoner - or between medical

21  professionals - concerning what medical care is appropriate does not amount to deliberate

22  indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891

23  F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d

24  1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012)

25  (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that

26  the course of treatment the doctors chose was medically unacceptable under the circumstances and

27  that the defendants chose this course in conscious disregard of an excessive risk to [his] health."

28  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

4

1    Plaintiff argues that Defendant's failure to prescribe any psychotropic medications was an

2  unreasonable response to his mental health issues.  However, his allegations demonstrate that

3  Defendant had a reason for doing so- Plaintiff's primary care provider had prescribed medications

4  that Defendant believed would decrease his psychiatric symptoms.  While Plaintiff may not have

5  agreed with this decision, it was not a decision that was taken in conscious disregard to an

6  excessive risk to Plaintiff's health.  "[P]rison officials who actually knew of a substantial risk to

7  inmate health or safety may be found free from liability if they responded reasonably to the risk,

8  even if harm ultimately was not averted."  Farmer v. Brennan, 511 U.S. 825, 844-45 (1994).

9    Plaintiff also contends that he is now unmedicated, and that this is causing mental health

10  issues.  The Court does not doubt that Plaintiff's mental illness is a serious medical need.

11  However, there is no indication that Plaintiff's unmedicated state was caused by Defendant.

12  Indeed, during the appointment, Defendant explained that because Plaintiff had insight into his

13  illness, he would benefit from a mood-stabilizer and perhaps an anti-psychotic medication.

14  Defendant also indicated that he would be willing to place Plaintiff back on lithium carbonate and

15  an anti-depressant.  In other words, Defendant offered Plaintiff numerous options.  Perhaps

16  Plaintiff declined the medications, but there is no indication that Defendant deliberately left

17  Plaintiff without any medication.

18    For these reasons, Plaintiff fails to state a claim against Defendant under the Eighth

19  Amendment.  He will be permitted to amend.

20  **D.    CONCLUSION AND ORDER**

21    Plaintiff fails to state any cognizable claims.

22    Plaintiff has not previously been provided with notice of the deficiencies in his claims and

23  the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes,

24  in good faith, he can cure the identified deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13

25  (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.

26  1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated

27  claims in his amended complaint.  George, 507 F.3d at 607.

28  ///

1        If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under

2   section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's

3   constitutional rights and liability may not be imposed on supervisory personnel under the theory of

4   respondeat superior, <u>Iqbal</u>, 556 U.S. at 676-77; <u>Starr</u>, 652 F.3d at 1205-07.  Although accepted as

5   true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative

6   level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

7        Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa</u>

8   <u>County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without

9   reference to the prior or superceded pleading," Local Rule 220.

10        Accordingly, it is HEREBY ORDERED that:

11       1.    The Clerk's Office shall send Plaintiff a complaint form;

12       2.    Within thirty (30) days from the date of service of this order, Plaintiff must

13             file an amended complaint curing the deficiencies identified by the Court in

14             this order, or file a notice of voluntary dismissal; and

15       3.    <u>If Plaintiff fails to comply with this order, this action will be dismissed, without</u>

16             <u>prejudice, for failure to obey a court order.</u>

17

IT IS SO ORDERED.

18

19     Dated:   **February 9, 2016**          /s/ *Dennis L. Beck*

20                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28