UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN DWAYNE OLIVE,<br><br>    Plaintiff,<br><br>vs.<br><br>PRATAP LAKSHMI NARAYAN,<br><br>    Defendant. | 1:15-cv-01645-GSA-PC<br><br>ORDER PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW OPPOSITION AND FILE AMENDED OPPOSITION IN LIGHT OF RAND NOTICE<br><br>TWENTY-ONE DAY DEADLINE |

## I. BACKGROUND

Damien Dwayne Olive ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 30, 2015. (ECF No. 1.) This action now proceeds with the First Amended Complaint filed on April 28, 2016, against sole defendant Dr. Pratap Lakshmi Narayan ("Defendant"), on Plaintiff's Eighth Amendment medical claim. (ECF No. 11.)

On January 26, 2017, Defendant filed a motion to dismiss this case for failure to state a claim and failure to exhaust administrative remedies before filing suit. (ECF No. 17.) On February 28, 2017, Plaintiff filed an opposition to the motion. (ECF No. 20.) On March 7, 2017, Defendant filed a reply to the opposition. (ECF No. 22.)

1

Defendant did not provide Plaintiff with a Rand[2] Notice and Warning, pursuant to the Ninth Circuit's requirement in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), informing Plaintiff of his rights and responsibilities in opposing Defendant's motion to dismiss. Therefore, the court shall, by this order, provide Plaintiff with a Rand Notice and Warning and allow him an opportunity to withdraw his opposition to Defendant's pending motion and file an amended opposition.

**II.     *RAND* NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANT'S MOTION TO DISMISS**

In the Ninth Circuit, when the plaintiff is a prisoner proceeding pro se in a civil rights case, and a defendant files a motion for summary judgment or a motion to dismiss for failure to exhaust administrative remedies, the defendant or the court is required to provide plaintiff with a Notice and Warning informing the plaintiff of his or her rights and responsibilities in opposing the motion. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012). The court shall, bu this notice, notifys Plaintiff of the following rights and requirements for opposing Defendant's motion to dismiss:

**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANT'S MOTION TO DISMISS**

Pursuant to Woods v. Carey, the Court now hereby notifies Plaintiff of the following rights and requirements for opposing Defendant's motion to dismiss. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) (Fair notice of the requirements needed to defeat a defendant's motion to dismiss for failure to exhaust administrative remedies must be provided to a pro se prisoner litigant in a civil rights case.)   If . . . defendants fail to provide appropriate notice, "the ultimate responsibility of assuring that the prisoner receives fair notice remains with the district court." Woods, 684 F.3d at 940.

///

---

[2] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc).

**NOTICE AND WARNING:**

Defendant has filed a motion to dismiss this case for failure to state a claim and failure to exhaust administrative remedies as to one or more claims in the complaint. The failure to exhaust administrative remedies is subject to a motion for summary judgment or, if a failure to exhaust is clear on the face of the complaint, a motion to dismiss under Rule 12(b)(6). Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "The motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings; the plaintiff has a 'right to file counter-affidavits or other responsive evidentiary materials.'" Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012), quoting Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998).

If the Court determines that all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's case is over. If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims. Jones v. Bock, 549 U.S. 199, 219-224, 127 S. Ct. 910, 923-26 (2007). Moreover, if Plaintiff fails to state any claims in the First Amended Complaint, the case will be dismissed, which means that Plaintiff's case is over. A dismissal for failure to exhaust is without prejudice. Id.

Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule 230(*l*). Plaintiff is required to file an opposition or a statement of non-opposition to Defendant's motion to dismiss. Local Rule 230(*l*). **If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute.** The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. Id.

**If responding to Defendant's' motion to dismiss for failure to exhaust the administrative remedies, Plaintiff may not simply rely on allegations in the complaint. Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies. See Fed. R. Civ. P. 43(c). Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value. If Plaintiff does not submit his own evidence in opposition, the Court may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole or in part.**

### III. CONCLUSION AND ORDER

Pursuant to the Ninth Circuit's decision in Woods, Plaintiff has now been provided with "fair notice" of the requirements for opposing Defendant's motion to dismiss for failure to exhaust remedies. In light of this notice, the court finds good cause at this juncture to open a twenty-one-day time period for Plaintiff to file further opposition to Defendant's motion to dismiss, if he so wishes. The court will not consider multiple oppositions, however, and Plaintiff has two options upon receipt of this order. Plaintiff may either (1) stand on his previously-filed opposition or (2) withdraw it and file an amended opposition. The amended opposition, if any, must be complete in itself and must not refer back to any of the opposition documents Plaintiff filed on February 28, 2017. L.R. 220.[5]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff may, within **thirty (30) days** from the date of service of this order, withdraw his opposition and file an Amended Opposition to Defendant's motion to dismiss of January 26, 2017;

---

[5]Local Rule 220 provides, in part: "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading."

2. If Plaintiff does not file an Amended Opposition in response to this order within twenty-one days, Plaintiff's existing opposition, filed on February 28, 2017, will be considered in resolving Defendant's motion to dismiss; and

3. If Plaintiff elects to file an Amended Opposition, Defendant may file a reply pursuant to Local Rule 230(*l*).

IT IS SO ORDERED.

Dated: **April 13, 2017**      **/s/ Gary S. Austin**
                               UNITED STATES MAGISTRATE JUDGE