UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN DWAYNE OLIVE,<br><br>    Plaintiff,<br><br>    vs.<br><br>PRATAP LAKSHMI NARAYAN,<br><br>    Defendant. | 1:15-cv-01645-GSA-PC<br><br>ORDER GRANTING MOTION TO WITHDRAW AND DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 28.)<br><br>ORDER WITHDRAWING PLAINTIFF'S OPPOSITION FILED FEBRUARY 28, 2017<br>(ECF No. 20.) |

**I.    BACKGROUND**

Damien Dwayne Olive ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 30, 2015. (ECF No. 1.) This action now proceeds with the First Amended Complaint filed on April 28, 2016, against sole defendant Dr. Pratap Lakshmi Narayan ("Defendant"), on Plaintiff's Eighth Amendment medical claim. (ECF No. 11.)

On January 26, 2017, Defendant filed a motion to dismiss, which is pending. (ECF No. 17.) On February 28, 2017, Plaintiff filed an opposition to the motion. (ECF No. 20.) On April 13, 2017, the court issued an order permitting Plaintiff to withdraw his opposition and file an amended opposition. (ECF No. 24.) On May 5, 2017, Plaintiff filed an amended

opposition, a motion to withdraw his previous opposition, and a motion for appointment of counsel. (ECF No. 28.)

## II. MOTION TO WITHDRAW

Pursuant to the court's order of April 13, 2017, Plaintiff has filed an amended opposition to Defendant's motion to dismiss and a motion to withdraw his previous opposition filed on February 28, 2017. The motion to withdraw is granted, and Plaintiff's previous opposition shall be withdrawn.

## III MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits; Defendant's motion to dismiss for failure to exhaust administrative remedies and failure to state a claim is now pending and may dispose of the case. Moreover, based on the record in this case, Plaintiff is able to adequately articulate his claims. Further, the legal issue in this case – whether Defendant was deliberately indifferent to Plaintiff's medical needs – is not complex. Therefore, Plaintiff's motion for counsel shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

///

## IV. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to withdraw his opposition and file an amended opposition to Defendant's motion to dismiss is GRANTED;
2. Plaintiff's opposition to Defendant's motion to dismiss, filed on February 28, 2017, is WITHDRAWN; and
3. Plaintiff's motion for appointment of counsel is DENIED, without prejudice to renewal of the motion at a later stage of the proceedings.

IT IS SO ORDERED.

Dated: **May 8, 2017**　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE