UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN DWAYNE OLIVE,<br><br>    Plaintiff,<br><br>vs.<br><br>PRATAP LAKSHMI NARAYAN,<br><br>    Defendant. | 1:15-cv-01645-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST REMEDIES BE GRANTED (ECF No. 17.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

## I. BACKGROUND

Damien Dwayne Olive ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 30, 2015. (ECF No. 1.) This action now proceeds with the First Amended Complaint filed on April 28, 2016, against sole defendant Dr. Pratap Lakshmi Narayan ("Defendant"), on Plaintiff's Eighth Amendment medical claim. (ECF No. 11.)

On January 26, 2017, Defendant filed a motion to dismiss this case for failure to state a claim and failure to exhaust administrative remedies before filing suit. (ECF No. 17.) On February 28, 2017, Plaintiff filed an opposition to the motion. (ECF No. 20.) On March 7, 2017, Defendant filed a reply to the opposition. (ECF No. 22.)

On April 13, 2017, the court provided Plaintiff with a Rand[1] Notice and Warning, pursuant to the Ninth Circuit's requirement in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), informing Plaintiff of his rights and responsibilities in opposing Defendant's motion to dismiss. (ECF No. 24.) In light of the Rand Notice, the court allowed Plaintiff an opportunity to withdraw his February 28, 2017, opposition and file an amended opposition. (Id.)

On May 5, 2017, Plaintiff withdrew his February 28, 2017, opposition and filed an amended opposition to Defendant's motion to dismiss. (ECF No. 28.) On May 9, 2017, Defendant filed a reply to the amended opposition. (ECF No. 30.)

Defendant's motion to dismiss has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*), and for the reasons that follow, Defendant's motion should be granted.

## II. ALLEGATIONS IN THE FIRST AMENDED COMPLAINT (FAC)

Plaintiff is presently incarcerated at the R.J. Donovan Correctional Facility in San Diego, California. The events at issue occurred at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California, when Plaintiff was incarcerated there.

Plaintiff alleges as follows in his amended complaint. During the time period relevant to the FAC, defendant Dr. Pratap Lakshmi Narayan was a psychiatrist contracted by the California Department of Corrections and Rehabilitation. On October 13, 2015, Plaintiff had an appointment with Defendant for treatment of bipolar disorder and medication management. During the appointment, Plaintiff advised Defendant that he had recently been experiencing numerous psychiatric symptoms including depression, recent suicide attempts, frequent suicidal ideation, loss of appetite, feelings of despondency, insomnia, and extreme happiness at cycling intervals. He also complained that he had recently been hearing voices.

Defendant "flatly refused" to prescribe any medication to treat Plaintiff's mental health issues. ECF No. 11 at 4. Defendant told Plaintiff that his primary care provider had already prescribed medications that would "resolve and diminish" his psychiatric symptoms. Id. at 5.

---

[1] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc).

Plaintiff told Defendant that he had been getting worse, and that when he is unmedicated, he is more likely to be placed into a mental health crisis bed. Defendant stated that he would be willing to put Plaintiff back on lithium carbonate, even though Defendant is aware that lithium caused Plaintiff problems in the past. He also stated that he would prescribe an anti-depressant. Plaintiff told him that in the past anti-depressants had escalated his depressive symptoms.

Plaintiff suggested that Defendant prescribe psychotropic medications for him since they had been helpful in the past. Defendant refused. Plaintiff has a clear and documented history of suicide attempts since the age of nine, and Defendant is aware of this history as well as Plaintiff's mental health history. Defendant had access to Plaintiff's medical records in which Dr. Turner-Tree stated, "It is absolutely essential that Mr. Olive be maintained on his medication, which include Lithium and Trazadone (as needed for sleep) while incarcerated [and w]ithout these medications, Mr. Olive will be unable to function in any capacity and will likely suffer from additional manic episodes which could endanger him and/or other inmates." (FAC, ECF. No. 111 at 6:12-17.)

On October 16, 2015, and again on December 3, 2015, Plaintiff was admitted to a mental health crisis bed because of mixed manic/depressive episodes. Plaintiff attempted suicide and has permanent scars on his wrist from the suicide attempt. Plaintiff alleges that Defendant had no particular interest in treating his mental health condition or any concern for his mental health. Plaintiff also alleges that Defendant could have placed him into a mental health crisis bed that day knowing that he was contemplating suicide. Plaintiff alleges that Defendant failed to take necessary steps to prevent a suicide attempt.

Based on these allegations, the court found that Plaintiff stated an Eighth Amendment claim against Defendant. Plaintiff seeks monetary damages and injunctive relief.

### III.  MOTION TO DISMISS BASED ON EXHAUSTION

####   A.  Legal Standards

#####     1.  Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 993 (2002).

"[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ]—rules that are defined not by the PLRA, but by the prison grievance process itself." Jones, 549 U.S. at 218 (quoting Woodford v. Ngo, 548 U.S. 81, 88, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006)). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'"). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford, 548 U.S. at 90.

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014). When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as "effectively unavailable." Sapp, 623 F.3d at 823; see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available); Marella, 568 F.3d 1024 (excusing an inmate's failure to exhaust because he did not have access to the necessary grievance forms to timely file his grievance).

///

A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); see also Cal. Code Regs. tit. 15, § 3084.1(b) (explaining that a cancellation or rejection of an inmate's appeal "does not exhaust administrative remedies").

### 2. California Department of Corrections and Rehabilitation (CDCR) Administrative Grievance System

The court takes judicial notice of the fact that the State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a).

California prisoners are required to submit appeals within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal at the first level. Id. at §§ 3084.7(a), 3084.8(c) Three levels of appeal are involved, including the first level, second level, and third level. Id. at § 3084.7. The third level of review exhausts administrative remedies. Id. at § 3084.7(d)(3). A final decision at the third level[2] of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). Lira v. Herrera, 427 F.3d 1164, 1166 (9th Cir. 2005). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85 (2006); McKinney, 311 F.3d. at 1199-1201.

### 3. Motion to Dismiss for Failure to Exhaust

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). On April 3,

---

[2] The third level is sometimes known as the Director's level.

2014, the Ninth Circuit issued a decision overruling <u>Wyatt</u> with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a). <u>Albino</u> ("Albino II"), 747 F.3d at 1168–69. Following the decision in <u>Albino II</u>, defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[3] or (2) a motion for summary judgment under Rule 56. <u>Id.</u> If the court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e). <u>Jones</u>, 549 U.S. at 223–24; <u>Lira</u>, 427 F.3d at 1175–76.

### B.  **Defendant Narayan's Motion**

Defendant argues that Plaintiff did not properly exhaust administrative remedies as required by the PLRA prior to filing suit, as acknowledged on the face of the First Amended Complaint. Defendant asserts that Plaintiff has pleaded that there was an inmate appeal or administrative remedy process available to him at his institution, but he openly acknowledges that he has not filed an appeal or grievance concerning all of the facts contained in the FAC. Plaintiff alleges in the FAC that "[t]he appeals process is grossly inadequate to remedy a complaint of this magnitude" and that "any attempt to obtain administrative remedies would be futile." (ECF No. 11 at 3.) Defendant argues that allegations of futility do not excuse failure to exhaust.

### C.  **Plaintiff's Opposition**

Plaintiff argues that the administrative remedy process is not available in this case because Defendant is not an employee of the California Correctional Health Care Services or the CDCR and is therefore beyond the reach and scope of the CDCR's administrative appeals process. Plaintiff asserts that he was advised by Dr. Gill, Chief of Psychiatry, that Defendant is under contract by the CDCR. Plaintiff argues that the appeals process only works if the defendant is a state employee and the action can be remedied by the appeals process. Plaintiff

///

---

[3] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint." <u>Albino II</u>, 747 F.3d at 1162.

asserts that Defendant Narayan is not a state employee, and that money damages are not something that can be awarded by the appeals process, so using the appeal process would be futile.

**D.     Discussion**

Defendant responds that Plaintiff's arguments overlook that under <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002); "the PLRA's exhaustion requirement applies to all inmate suits about prison life;" under <u>West v. Atkins</u>, 487 U.S. 42, 55-56 (1988), a contract physician is a state actor even though not a state employee because "it is the physician's function within the state system, not the precise terms of his employment, that determines whether his actions can fairly be attributed to the State;" and under <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), all available remedies must be exhausted prior to filing suit, even when the prisoner seeks relief not available in grievance proceedings, notably money damages. The court agrees.

The fact that Defendant is employed by the CDCR as a contract physician, and not a state employee, does not cause the appeals process to be unavailable to Plaintiff. To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated and that the alleged violation was committed by a person acting under the color of state law. See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda County</u>, 811 F.2d 1243, 1245 (9th Cir. 1987). There is no question that prison officials act "under color of state law" when housing and providing medical care to prisoners. See <u>West v. Atkins</u>, 487 U.S. 42, 49-50 (1988). Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. <u>Johnson v. Knowles</u>, 113 F.3d 1114, 1117 (9th Cir. 1997); <u>Dang Vang v. Vang Xiong X. Toyed</u>, 944 F.2d 476, 479 (9th Cir. 1991).

<u>West</u> also holds that a "private physician or hospital," like Dr. Narayan is alleged to be in this case, "act[s] under color of law for purposes of § 1983," when as Plaintiff alleges, he "is under contract by the CDCR." (ECF No. 28 at 2:16-17.) "[A] private physician employed by the state on a contract basis to provide medical services to inmates act[s] under color of state law when treating a prisoner's injuries." <u>Florer v. Congregation Pidyon Shevuyim, N.A.</u>, 639

7

F.3d 916, 925 (9th Cir. 2011) (citing West v. Atkins, 487 U.S. 42, 54 (1988)); Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 827 (7th Cir. 2009) ("[W]hen a person accepts employment with a private entity that contracts with the state [for medical services to inmates], he understands that he is accepting the responsibility to perform his duties in conformity with the Constitution."); Maggio v. Shelton, No. 14-cv-01682-SI, 2015 WL 5126567, at *6-7 (D. Or. Sept. 1, 2015) (collecting cases which hold that "private physicians and medical entities may be considered state actors for purposes of Section 1983 liability when a state has delegated its obligation to provide medical care for inmates to those private entities, even in the absence of a contract").

Plaintiff's argument that he is not required to exhaust his remedies by using the prison appeals process because he seeks monetary damages, which the prison cannot provide, is also without merit. In Booth, the Supreme Court rejected Booth's argument that the statutory exhaustion requirement was inapposite to his case simply because the Commonwealth's administrative process could not award him the monetary relief he sought (money then being the only relief still requested, since Booth's transfer to another institution had mooted his claims for injunctive orders). Booth, 532 U.S. at 735. Booth's failure to avail himself of the later stages of the administrative process led the district court to dismiss the complaint without prejudice for failure to exhaust "administrative remedies . . . available" within the meaning of 42 U.S.C. § 1997e(a). Id. As the Supreme Court explained in Booth, when Congress amended section 1997e(a) in 1995, "the amendments eliminated . . . the discretion to dispense with administrative exhaustion." Id., 532 U.S. at 739. The Court also "stress[ed] the point . . . that [it] will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at 741 n.6. "This inference is, to say the least, also consistent with Congress's elimination of the requirement that administrative procedures must satisfy certain 'minimum acceptable standards' of fairness and effectiveness before inmates can be required to exhaust them, and the elimination of the courts' discretion to excuse exhaustion when it would not be 'appropriate and in the interests of justice.'" Id. at 740 n.5.

As the Supreme Court recently explained in Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016), regarding the PLRA's exhaustion requirement:

> [T]hat language is "mandatory": An inmate "shall" bring "no action" (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies . . . . [T]hat edict contains one significant qualifier: the remedies must indeed be "available" to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any "special circumstances."

Based on the foregoing, the court finds that it is clear on the face of Plaintiff's complaint that administrative remedies were available to him and that he failed to exhaust those available remedies before filing this lawsuit. Accordingly, Defendant's motion to dismiss this case for failure to exhaust should be granted.

## IV. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant also brings a motion to dismiss this case for Plaintiff's failure to state a claim for deliberate indifference against Defendant. Based on the court's finding that Plaintiff did not exhaust his available administrative remedies prior to filing suit, the court shall not reach Defendant's other arguments. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits . . . ." See McKinney, 311 F.3d at 1200 (quoting Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to dismiss for failure to exhaust in case where district court granted summary judgment to defendants on the merits and did not rule on their pending motion for dismissal based on failure to exhaust)).

## V. RECOMMENDATIONS AND CONCLUSION

The court finds, based on the record before it, that Plaintiff failed to exhaust his available administrative remedies for his Eighth Amendment claim against Defendant before filing suit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Narayan's motion to dismiss based on Plaintiff's failure to exhaust administrative remedies, filed on January 26, 2017, be GRANTED; and

2. This case be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed **within seven (7) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 13, 2017**         **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE